UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEONARDO ALONSO SANCHEZ, <br><br> Petitioner, <br><br> v. <br><br> LAURA HERMOSILLO, et al.,[1] <br><br> Respondents. | Case No. 2:25-cv-02152-TMC <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION AND BACKGROUND

Petitioner Leonardo Alonso Sanchez is an individual who is detained at the El Paso Processing Center in El Paso, Texas on the charge that he is unlawfully present in the United States without admission or parole. Dkt. 7 ¶¶ 6–7; Dkt. 8-1 at 2. He entered the United States at an unknown date and resided in Oregon before being apprehended by immigration officers on October 20, 2025. Dkt. 1 ¶¶ 41–42; Dkt. 7 ¶¶ 4–5. He was initially transferred to the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington for processing and detention; on October 31, he was transferred to the facility in El Paso. Dkt. 1

---

[1] Laura Hermosillo, Seattle Acting Field Office Director, Enforcement and Removal Operations, United States Immigration and Customs Enforcement, is substituted for Cammilla Wamsley under Federal Rule of Civil Procedure 25(d). The clerk is directed to amend the caption to reflect this change.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

¶¶ 1, 11, 42; Dkt. 7 ¶¶ 5, 7. To date, he has not requested a custody redetermination hearing before an Immigration Judge. Dkt. 7 ¶ 8.

On October 30—one day before his transfer to the El Paso facility—Alonso Sanchez filed a petition for a writ of habeas corpus requiring Respondents to "release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days." Dkt. 1. On November 3, the Court issued an order to show cause directing Respondents to file a return to the habeas petition. Dkt. 4. On November 7, Federal Respondents filed a return. Dkt. 6. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

Alonso Sanchez argues that Respondents have unlawfully subjected him to mandatory detention consistent with their practice of treating every person who entered the United States without inspection as an "applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2). Dkt. 1 ¶¶ 21–40, 48–50. In *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, holding that their detention under § 1225(b)(2) was unlawful. --- F. Supp. 3d ----, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025). The Court defined the Bond Denial Class to include the following individuals:

> All noncitizens without lawful status detained at [NWIPC] who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.* at *6.

Like members of the Bond Denial Class, Alonso Sanchez, who resided in the United States before his apprehension by ICE agents, is not "seeking admission" and thus cannot be subject to mandatory detention under § 1225(b)(2). *See id.* at *16–*27. Instead, he is subject to detention under § 1226(a), which permits release on bond. *Id.*

Federal Respondents contend that Alonso Sanchez is ineligible for the relief available to members of the Bond Denial Class for two reasons. First, they point out that while he was located at NWIPC on the day that he filed his habeas petition, he has since been transferred to El Paso. Dkt. 6 at 4–5. They note that "[t]he Rodriguez Vazquez bond denial class is limited to those detained at the NWIPC." *Id.* at 4. Second, Federal Respondents argue that Alonso Sanchez is not a member of the Bond Denial Class because he has not requested a bond hearing before an Immigration Judge. *Id.* at 5. However, Federal Respondents acknowledge that "[i]f he met those two prerequisites, Petitioner would meet the Bond Denial class definition, after which the appropriate relief would be a bond redetermination hearing in immigration court." *Id.* at 2.

Neither of Federal Respondents' arguments provides a basis for denying Alonso Sanchez's habeas petition. Although the portion of the class definition that excludes detainees subject to detention under other parts of the INA references "the time the noncitizen is scheduled for or requests a bond hearing," whether a detainee has requested a bond hearing does not change the legality of their custody under § 1225(b)(2). And although Alonso Sanchez is now located in El Paso, he was located at NWIPC at the time that he filed his habeas petition. Dkt. 1 ¶ 1, Dkt. 7 ¶ 5, 7. The fact that he has since been transferred does not divest the Court of jurisdiction to

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

determine the legality of his custody. *Ex parte Endo*, 323 U.S. 283, 306 (1944); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990). The statutory analysis of *Rodriguez Vazquez* applies with equal force to Alonso Sanchez and others like him, whether they have yet requested hearings or not, and whether they remain at NWIPC or have been transferred to another facility after petitioning this Court for relief.

Where, as here, an individual "is in custody in violation of the . . . laws . . . of the United States," the Court is empowered to grant the petitioner's writ of habeas corpus. *See* 28 U.S.C. § 2241(a). Although the date of Alonso Sanchez's entry into the United States is unknown, Federal Respondents do not argue that he was apprehended upon arrival in the United States or is subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. *See* Dkt. 6. Nor do they dispute that Alonso Sanchez is currently subject to mandatory detention under § 1225(b)(2), which this Court has declared unlawful under the Immigration and Nationality Act as applied to him and others similarly situated. *See id.* at 2; *Rodriguez Vazquez*, . --- F. Supp. 3d ----, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27. Alonso Sanchez need not go through a futile exercise of requesting a bond hearing while still subject to unlawful mandatory detention in order to seek habeas relief. *See Carafas v. LaVallee*, 391 U.S. 234, 239 (1968) (explaining that under the federal habeas statute, "(t)he court shall [. . .] dispose of the matter as law and justice require" (quoting 28 U.S.C. § 2243)).

Even though Alonso Sanchez does not argue that he is a Bond Denial Class member, the Court can grant his petition because the current basis for his custody is unlawful. He should instead be detained under § 1226(a), which will entitle him to a bond hearing on the merits once he requests one under 8 U.S.C. § 1226(a) and its implementing regulations. *See* 8 C.F.R. §§ 236.1(d)(1), 1003.19; *see also Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008) (explaining that in modern habeas practice, courts often "employ a conditional order of release"

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

which orders release of the petitioner unless the government "takes some remedial action" to correct the legal violation).

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within fourteen days of receiving Petitioner Leonardo Alonso Sanchez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. §1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 13th day of November, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5